Office of the Attorney General · State of Texas
JOHN CORNYN

August 29, 2000

Ms. Daisy A. Stiner
Executive Director
Texas Department of Housing
  and Community Affairs
P.O. Box 13941
Austin, Texas 78711-3941

Opinion No. JC-0272

Re: Whether section 6A of article 5221f, Revised Civil Statutes, authorizes the Texas Department of Housing and Community Affairs to regulate unlicensed real estate brokers (RQ-0208-JC)

Dear Ms. Stiner:

You have asked this office whether the addition of section 6A to the Manufactured Housing Standards Act, article 5221f, Revised Civil Statutes, by House Bill 1193, 76th Legislature, grants new regulatory authority to the Texas Department of Housing and Community Affairs (the "Department") over unlicensed real estate brokers. In our view, it does not.

Article 5221f governs the regulation of the manufactured housing industry in Texas. Pursuant to section 9 of the act, rule-making authority under it is given to the executive director of the Department, who is empowered to "adopt rules and regulations, promulgate administrative orders, and take all action necessary to assure compliance with the intent and purpose of this Act . . . and of the Texas Manufactured Housing Standards Code." TEX. REV. CIV. STAT. ANN. art. 5221f, § 9(b) (Vernon Supp. 2000). The director is further authorized and instructed by the statute to "establish rules and regulations for the protection of the interests of consumers who occupy or desire to purchase or install manufactured housing and for the business conduct of those persons required to be licensed under this Act." Id. § 9(m). Persons required to be licensed include retailers, who are defined by the statute as "person[s] engaged in the business of buying for resale, selling, or exchanging manufactured homes or offering such for sale, exchange, or lease-purchase to consumers." Id. § 3(19).

Real estate transactions, on the other hand, are governed by the Real Estate License Act, article 6573a of the Revised Civil Statutes. Pursuant to that act, the Texas Real Estate Commission has general regulatory oversight over licensed real estate brokers in the state. According to article 6573a, §1(b), "It is unlawful for a person to act in the capacity of, engage in the business of, or advertise or hold that person out as engaging in or conducting the business of a real estate broker or a real estate salesperson within this state without first obtaining a real estate license from the Texas Real Estate Commission." Id. art. 6573a, § 1(b).

The Manufactured Housing Standards Act, article 5221f, has been amended by House Bill 1193,[1] enacted by the 76th Legislature, which *inter alia* added section 6A to the act. Section 6A(b), which appears to have prompted your question, reads as follows:

> The retailer is prohibited from selling, or representing for sale, or offering for sale any real estate in conjunction with the sale of a manufactured home except as may be authorized by the department consistent with the provisions of The Real Estate License Act (Article 6573a, Vernon's Texas Civil Statutes).

*Id.* art. 5221f, § 6A.

You inform us that "[i]t has been suggested that Section 6A grants the Department new regulatory authority over unlicensed real estate brokers if the broker is a retailer and the unlicensed brokerage is in conjunction with the sale of a manufactured home." Request Letter at 1.[2] We do not agree.

Section 6A concerns what are called "land-home transactions," in which, as we understand it, both real estate and a manufactured home are being purchased together. Nothing in the statutory language explicitly vests the Department with authority over unlicensed real estate brokering, which is part of the regulatory sphere of the Real Estate Commission, as we have previously noted. Nor does the statute grant such authority to the Department by necessary implication. *See State v. Public Utility Comm'n*, 883 S.W.2d 190, 194 (Tex. 1994) (administrative agency, as creation of legislature, has only those powers expressly conferred and those necessary to accomplish duties). Rather, the statute forbids retailers, who are already subject to regulation by the Department, from engaging in certain practices without the Department's assent, and conditions the Department's ability to give that assent on another settled body of law.

Our conclusion that the Department has not been granted new regulatory authority over unlicensed real estate brokers is, we note, also consistent with both House and Senate bill analyses of House Bill 1193, according to both of which the statute does not grant additional regulatory authority. *See* HOUSE COMM. ON URBAN AFFAIRS, BILL ANALYSIS, Tex. H.B. 1193, 76th Leg., R.S. (1999); SENATE COMM. ON ADMINISTRATION, BILL ANALYSIS, Tex. H.B. 1193, 76th Leg., R.S. (1999). The general purpose of the section was explained by Senator Chris Harris in his discussion of the amendment when introducing it at the public hearing of the Senate Committee on Administration on April 15, 1999. The senator said, "There is a real problem that I perceive, or potential problem in this industry, where there are representations made to buyers of manufactured homes and this mainly happens in rural areas. . . [with] land-home purchases." After laying out the

---

[1]Act of May 30, 1999, 76th Leg., R.S., ch. 1369, § 4, 1999 Tex. Gen. Laws 4628, 4629-30.

[2]Letter from Daisy Stiner, Executive Director, Texas Department of Housing and Community Affairs, to Honorable John Cornyn, Attorney General of Texas (Mar. 22, 2000) (on file with Opinion Committee).

statutory language, the senator said of such land-home transactions, "And more or less I want to get truth in lending into it if it's packaged." *Hearings on Tex. H.B. 1193 Before the Senate Comm. on Administration*, 76th Leg., R.S. (Apr. 15, 1999) (statement of Senator Chris Harris) (tape available from Senate Staff Services Office).

To that end, the statute forbids the sale, offer, or representation for sale of real estate in conjunction with the sale of manufactured housing by a retailer of manufactured housing "except as may be authorized by the [Department of Housing and Community Affairs]." However, the Department's power to authorize such sales is itself circumscribed. Such authorization must be "consistent with the provisions of The Real Estate License Act." That is, the retailer may not be permitted to sell, represent for sale, or offer for sale real estate in conjunction with the sale of a manufactured home if such acts would violate the Real Estate License Act. The general regulation of real estate brokering is and remains the province of the Texas Real Estate Commission.

Because your second question presupposes an affirmative answer to your first, we do not consider it.

## S U M M A R Y

Section 6A of article 5221f, Texas Revised Civil Statutes, added to the statute by House Bill 1193, 76th Legislature, does not grant to the Texas Department of Housing and Community Affairs new regulatory authority over unlicensed real estate brokers.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee